**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

In re:                                                              CASE NO.: 8-20-70347-reg

JOANNE P. CONNELL,                                          CHAPTER 13

         Debtor.

-------------------------------------------------------------x

### RESPONSE TO DEBTOR OBJECTION TO PROOF OF CLAIM
### 9-1 (and 9-2) FILED BY DEUTSCHE BANK/ PHH MORTGAGE

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-FR1 ("Secured Creditor"), by and through its undersigned attorney, hereby files its Response to Debtor's Objection to Proof of Claim 9-1, and as amended by Amended Proof of Claim 9-2 filed by Deutsche Bank/PHH Mortgage (the "Objection"), and in support thereof states as follows:

1. Debtor, Joanne P. Connelly ("Debtor"), filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on January 15, 2020.

2. Secured Creditor holds a secured interest in Debtors' real property located at 167 SOUTHERN BLVD, NESCONSET, NY 11767 by virtue of a duly recorded mortgage instrument to secure a loan made by promissory note.  .

3. Secured Creditor timely filed its Proof of Claim, No. 9-1 on February 12, 2020 (the "POC") and subsequently filed an Amended Proof of Claim, No. 9-2 on March 27, 2020 (the "APOC").

4. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a proof of claim (and, by extension, supplemental proof of claim) executed and filed in accordance with the Bankruptcy Rules "shall constitute prima facie evidence of the validity and amount of the claim."

5. On March 11, 2020, Debtor filed an Objection to Claim asserting allegations with respect to the POC (the "Objection"). After the filing of the APOC, Debtor filed a Supplement to the Objection ("Supplement").  The APOC was filed to address points in the Objection.

6. Section 10 of the Real Estate Settlement Procedures Act ("RESPA") discusses escrow shortages and set limits on the amount of money a lender may require the borrower to hold in an escrow account for payment of taxes, insurance, and other permitted items.

7. Section 10 of RESPA states in pertinent part that, each month the lender may require a borrower to pay into the escrow account no more than 1/12 of the total of all disbursements payable during the year, plus an amount necessary to pay for any shortage in the account.  In addition, the lender may require a cushion, not to exceed an amount equal to 1/6 of the total disbursements of the year. Also, the lender must perform an escrow account analysis once during the year and notify a borrower of any shortage.

8. Further, Section 10 of RESPA states provides that if the escrow account analysis discloses a deficiency, then the servicer may require the borrower to pay additional monthly deposits to the account to eliminate the deficiency. If the deficiency is less than one month's escrow account payment, then the servicer; may allow the deficiency to exist and do nothing to change it; may require the borrower to repay the deficiency

within 30 days; or may require the borrower to repay the deficiency in two or more equal monthly payments.

9. The APOC lists the Escrow Shortage as $4,434.72; however, the amount should be $1,706.88 as shown on the Escrow Account Disclosure Statement attached to the APOC. Secured Creditor will further amend the POC to correct the amount and update the total amount of arrears.

10. Although the Secured Creditor may use the projected escrow shortage amount for disbursements "post-petition," Secured Creditor has the right to require these amounts at the time of bankruptcy filing per Section 10 of RESPA to prevent the escrow account from being overdrawn.

11. Since the projected escrow shortage of $1,706.88, is a pre-petition arrearage, Secured Creditor is entitled to include the projected escrow shortage amount in a proof of claim.

12. With respect to the Debtor's contentions concerning the number and amounts of payments for April and May 2019, Secured Creditor is examining the information attached to the Supplement. Currently, Secured Creditor has identified a payment received on March 18, 2019 in the amount of $2,400.87, however, it has not located payments of $2,400.87 on April 11, 2019 and $2,400.87 on May 30, 2019 as indicated in the Supplement, Exhibit A.   The single sheet/page attached as Exhibit A has insufficient information to identity the account the payments would have come out of, and the destination account they would have been deposited into.

13. Debtor would need to provide evidence of the actual withdrawals of funds from her bank account and if by electronic transfer, confirmation numbers for the transactions. In the event it is verified that the two monthly payments at issue were made and

received by Secured Creditor, Debtor will be given credit and as needed, a further amended proof of claim can be filed. Secured Creditor requests that the Court allows additional time to review its records and investigate the open issues and requests an adjournment of the hearing on the claim objection to allow for same.

14. Secured Creditor reserves the right to supplement the response to the claim objection.


**WHEREFORE**, Secured Creditor respectfully requests this Honorable Court allows Secured Creditor's Proof of Claim, as amended so as to preserve Creditor's Claim, and for such other and further relief as the Court deems just and proper.


Dated: Westbury, New York
         April 28, 2020


                          RAS Boriskin, LLC
                          Attorney for Secured Creditor

                          By: /s/ *Kevin R. Toole*
                          Kevin R. Toole, Esq.
                          900 Merchants Concourse
                          Suite 310
                          Westbury, N.Y. 11590
                          Telephone: 516-280-7675
                          E-mail: ktoole@rascrane.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on April 28, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Joanne P. Connelly
167 Southern Boulevard
Nesconset, NY 11767

Richard S. Feinsilver, Esq.
One Old Country Road
Suite 125
Carle Place, NY 11514

Michael J. Macco
Chapter 13 Trustee
2950 Express Drive South
Suite 109
Islandia, NY 11749

U.S. Trustee
United States Trustee
Long Island Federal Courthouse
560 Federal Plaza – Room 560
Central Islip, NY 11722-4437

Dated: Westbury, New York
        April 28, 2020

RAS Boriskin, LLC
Attorney for Secured Creditor

By: <u>/s/ *Kevin R. Toole*___</u>
Kevin R. Toole, Esq.
900 Merchants Concourse
Suite 310
Westbury, N.Y. 11590
Telephone: 516-280-7675
E-mail: ktoole@rascrane.com

RAS File No. 14-40687
Case No. 17-12677
Opposition to Objection